Daniels, J.
The recovery was had under the condition of a bond executed by the defendants to the plaintiff as sheriff of the county of New York, to keep and bear him harmless, and indemnify him and all persons aiding and assisting him, from damage, liability, costs, counsel fees, expenses, suits, actions, judgments, etc., which should or might at any time arise, accrue, or happen to be brought against him, or them, for or by reason of the levying, attaching and making sale under or by virtue of an attachment of personal property. The plaintiff as sheriff had previously seized certain property under an attachment issued in favor of William Brown and another against Alfred Edwards. This property was claimed to belong to the Bussel & Hopper Manufacturing Company, and it was to protect the sheriff, his deputies and assistants against this claim that the bond was executed and delivered by the defendants. After that was done an action was brought by such claimant to recover the possession of the property seized under the attachment. The sureties in the undertaking were excepted to, and one of them failed to justify, and no additional surety was supplied in his place. And while the action of the company was in that condition, it was discontinued, and the costs of the sheriff were paid by it. After that discontinuance an action was brought against the sheriff by the same company to recover the value of the property attached, and notice of that was *458 found upon sufficient evidence to have been given to the attaching creditors. This action was defended and resulted in a judgment against the sheriff for the value of the property and the costs of the action, and it was agreed that his own expenses incurred in the defense for services of counsel and disbursements, amounted to the sum of $300.
For these two items the judgment in this action was recovered, and the correctness of the recovery has been resisted chiefly upon the ground that the sheriff consented to the discontinuance of the first action brought by the company against him. But the case fails to establish any misconduct on his part in this respect which can be held to have been legally prejudicial to the rights of the defendants as sureties in the bond. The company by which the action was brought to recover possession of the property, had the right to discontinue it, if it chose so to do, and that discontinuance may very well have been induced by its inability to supply a surety in place of the one who was not able to justify as the law required that to be done. It is no answer to this position that the undertaking would have been good with one surety, for it had been made and executed by two, and the surety justifying had the right not only to expect, but insist upon it, thát he should only be hable upon the undertaking in the form in which it had been made, and that was for two instead of one surety. No «violation of any legal obligation whatever appears to have been made in the discontinuance of the action for the recovery of the possession of the property. But the order for that purpose was regularly entered and cannot be made the subject of complaint, or protection, on behalf of the. sureties in the bond. Neither this ground nor any other that has been taken in support of the appeal, inasmuch as it does not appear that the attached property was ever sold, or appropriated, by the sheriff, will justify the court in interfering with this judgment.
■After the defendants answered the complaint in this action an amended complaint was served which they made default in answering, and upon that default a reference was ordered by the court to ascertain the amount of the plaintiff’s damages. The court afterwards, on the application of the defendants, set aside the default and allowed them to answer the amended complaint. But in the order which was made at that time the fees of the referee in that reference were not provided for, but in the final adjustment of the costs they were claimed before, but rejected by the clerk. Upon an appeal from his decision an order was made directing the allowance to the plaintiff of the fees of the referee upon this reference. This order, as far as that was clearly right, for the expenses of the reference were *459 disbursements incurred by the plaintiff in the regular prosecution of the action, and those disbursements he had. a right to include in the final costs recovered by him. But the amount which was claimed for these fees was larger than the law allowed to be" charged. What the referee was entitled to, and the plaintiff is to be permitted to include in the costs of the action, is the fees of six dollars for each day devoted by the referee to the business of the reference. That was neither complicated nor extended; it was merely to ascertain the damages sustained by the.plaintiff on the state of facts upon which this recovery has been had, and two or three days at the outside would be ample time for that purpose. Instead of the sum of seventy-five dollars charged by the referee for his services upon this reference, the fees should be limited to the statutory allowances for each day devoted to the subject of the reference. And, as already observed, there seems to be no reason whatever for believing that the reference could not be wholly completed and executed in the three days, and the allowance for referee’s fees should be restricted to the sum of eighteen dollars. With this modification the order and the judgment should be affirmed without costs.
Churchill, J., concurs; Brady, P. J.—I agree, but think referee’s fees allowed are not enough.